19517

In the Matter of Dorothy V. SAMPSON, Respondent.
(192 S. E. (2d) 859)

*Messrs. Daniel R. McLeod, Atty. Gen., and Asst. Atty. Gen. John P. Wilson, of Columbia, for Complainant.*

*Messrs. Matthew J. Perry, Hemphill P. Pride, II, and Lincoln C. Jenkins, Jr., of Columbia, and Donald J. Sampson, of Greenville, for Respondent.*

November 15, 1972.

*Per Curiam:*

The Board of Commissioners on Grievances and Discipline has filed with this Court its final certified report, finding the respondent Miss Dorothy V. Sampson, an attorney of Sumter, admitted to practice in 1964, guilty of professional misconduct and recommending that she be publicly reprimanded. The matter is now before us as a result of a rule to show cause why the report of the Board should not be confirmed and such disciplinary order issued as the Court deems proper.

The complaint, filed in March, 1971, charged that the respondent committed acts of misconduct and engaged in practices which tend to pollute the administration of justice and bring the courts and legal profession into disrepute. There were eight specifications of misconduct contained in the complaint. A finding of guilty on one is sufficient to support the charge.

As required by Section 9 of the Rule on Disciplinary Procedure, a panel of three commissioners conducted a hearing into respondent's alleged misconduct and practices as a member of the Bar of this State. Respondent appeared at this hearing with counsel and testified. The panel subsequently filed its report, finding the respondent guilty of three of the specifications and recommending a public reprimand. Thereafter, in August, 1972, in accordance with the provisions of Section 11 of the Rule on Disciplinary Procedure, the Board reviewed the findings and recommendations of the panel and adopted its findings of guilty as to two of the specifications, and recommended a public reprimand. The specific instances of misconduct found by both the panel and the Board were that:

(1) The respondent charged and received a fee in connection with her representation of the estate of H. B. Brown, deceased, in excess of that allowed by the Probate Court for Sumter County;

(2) The respondent improperly intervened between a fellow attorney and his client, when she undertook to represent Mr. and Mrs. Hodge in cases already pending in court awaiting trial, without consent of the attorney and without an order of the court.

The case was heard by us upon the report and the return of the respondent thereto.

The evidence shows that Miss Sampson, in representing the Brown estate, petitioned the probate court for approval of a fee of $16,000.00. The probate judge refused to approve the fee and wrote Miss Sampson that approval would be granted in the amount of 5% of the appraised valuation of the estate, or $12,231.60. Subsequently, on November 28, 1967, Miss Sampson requested and received authorization from the probate court for payment of $4,000.00 as part of her attorney's fees. She had previously been paid $6,810.00. As evidenced by the cancelled checks, the estate had now paid Miss Sampson $10,810.00, which included the $4,-000.00. Without receiving further approval of the probate court and in spite of the judge's letter, Miss Sampson charged and received from the estate for her services, four additional payments as follows: $2,000.00 on March 7, 1968, $500.00 on March 15, 1968, $750.00 on May 23, 1968, and $450.00 on June 24, 1968, a total of $3,700.00. The final amount charged and received was $14,510.00, or $2,278.40 in excess of the amount approved by the probate judge.

The Board correctly found that this was misconduct as contemplated by Section 4 of the Rule on Disciplinary Procedure for Attorneys.

We now consider the specification which alleged that Miss Sampson improperly intervened between Attorney Jan Warner and his clients, Mr. and Mrs. Hodge. The record reveals that Mr. and Mrs. Hodge employed Mr. Jan Warner, an attorney of the Sumter Bar, to represent them in claims which grew out of personal injuries to Mrs. Hodge, sustained in an

automobile wreck. The attorney-client relationship had existed since March, 1969. Actions had been commenced in the court of common pleas and an offer of settlement had been obtained by Mr. Warner in the amount of $5,000.00. The Hodges refused to accept the offer. Before the case was reached for trial, Miss Sampson wrote Mr. Warner a letter on January 20, 1970, advising him that Mrs. Hodge had on January 17, 1970, employed her to handle the case and advising him, ". . . kindly take this letter as notice that your services are terminated higher (sic) at her request." The contention that the Hodges had earlier discharged Mr. Warner is not supported by the record.

Circuit Court Rule 7 provides as follows:

> *"Change of attorney.*—An attorney may be changed by consent, or upon cause shown, and upon such terms as shall be just, upon the application of the client, by order of the Circuit Judge, *and not otherwise."* (Emphasis added.)

On February 13, 1970, Mr. Warner wrote to Miss Sampson suggesting that she take the matter up with the judge, which would have been in keeping with the rule. She did not contact the judge and on April 23, 1970, settled the cases for the same $5,000.00 offer which Mr. Warner had procured, and presumably collected her fee for services. It is inescapable that Mr. Warner did not consent to the change of attorneys and Miss Sampson did not get an order of the court providing for the substitution. She settled the cases without even procuring the file from Mr. Warner. Her conduct was clearly in violation of Canon 7 of the Canons of Professional Ethics, which reads in part as follows:

> "Efforts, direct or indirect, in any way to encroach upon the professional employment of another lawyer, are unworthy of those who should be brethren at the Bar; but, nevertheless, it is the right of any lawyer, without fear or favor, to give proper advice to those seeking relief against unfaithful or neglectful counsel, generally

after communication with the lawer of whom the complaint is made."

The finding of the Board that her actions constituted misconduct as contemplated by Section 4 of the Rule on Disciplinary Procedure for Attorneys is affirmed.

We now approach the question of what is the appropriate disciplinary action by this Court. It is well established that "upon this court alone rests the duty and the grave responsibility of adjudging, from the record, whether or not professional misconduct has been shown, and of taking appropriate disciplinary action thereabout." *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960). Though this Court has more often accepted the recommendation of the Board, we have on occasion provided penalties more severe and less severe than that recommended by the Board. Section 5 of the Rule on Disciplinary Procedure for Attorneys permits four penalties: (1) Disbarment, (2) Indefinite suspension, (3) Public reprimand, and (4) Private reprimand. Concern for the protection of the courts and the public require us to consider all of the circumstances reflected by the record in determining what disciplinary action is here appropriate. In addition to the facts referred to hereinabove, which served as a basis of the Board's conclusion that the respondent should be publicly reprimanded, we consider other facts clearly established by the record, not as a basis of a finding of misconduct but solely on the issue of what penalty should now be imposed. There is before this Court the record in a proceeding brought in the court of common pleas by heirs of H. B. Brown for the removal of the executrix, who was represented by Miss Sampson and who paid the fees referred to above. In that case, the master found, and the circuit judge affirmed ". . . that the administration of this estate has been unusually and unnecessarily protracted, and incompetently if not mismanaged. I find that the executrix and her counsel have willfully disobeyed the proper subpoena *Duces Tecum* issued and admittedly received ordering the produc-

tion of all of the records of this estate. I find that the executrix and her counsel have failed to comply with the order of the Judge of Probate." A receiver was appointed to take over the management of the estate, and attorney fees collected by Miss Sampson were charged against the executrix's interest in the estate except to the extent of $6,000.00. In other words, $8,510.00 of the $14,510.00 paid was held to have been paid and collected improperly. The order of the circuit judge affirming the master's report was not appealed.

Although the Board dismissed a specification which charged Miss Sampson with misconduct in being convicted of disorderly conduct in 1969 at a Sumter Bank, the panel found: "It is established from this record that the respondent, without just cause or excuse, or provocation by Mrs. Warner, a bank teller at a drive-in window, cursed Mrs. Warner, used exceedingly loud and profane language and generally conducted herself on this occasion in a manner unbecoming respondent's status as an attorney and at a time and place when such conduct would come to, the attention of the public. Respondent was found guilty and fined by the court." The panel's finding is fully supported by the record.

While dismissing a specification that charged Miss Sampson with misconduct by reason of being convicted of a charge of resisting arrest in 1967, the panel said: "While respondent's actions in this instance were unbecoming an attorney, it clearly resulted from her high state of agitation and her deep feeling of aggrievement on being placed in jail on a minor charge." We agree that such conduct was not becoming an attorney.

In determining the appropriate penalty, we are required to consider all of the circumstances reflected by the record and should act in the interest of protecting the courts and the public. We are not convinced that a public reprimand is the appropriate disciplinary action. More is involved than an isolated incident of impropriety or bad judgment. The resisting arrest incident was in 1967; the

overcharge of the Brown Estate was in 1968; the disorderly conduct incident was in 1969; and the assumption of control of Mr. Warner's clients' cases was in 1970. Repeated conduct inconsistent with the standards expected of attorneys cannot be condoned. Her actions justify and require that she be indefinitely suspended as provided in Section 5 of the Rule on Disciplinary Procedure for Attorneys.

It is therefore, ordered that Dorothy V. Sampson be and she is hereby indefinitely suspended from the practice of law in this State and that she shall forthwith surrender to the Clerk of this Court the certificate heretofore issued by this Court admitting her to practice.

Moss, C. J., and LEWIS, BUSSEY, BRAILSFORD and LITTLE-JOHN, JJ., concur.